## BUCHANAN v. W. B. FOUNDATIONS, Inc.

### No. 80.

Circuit Court of Appeals, Second Circuit.

Nov. 24, 1941.

Conrad A. Dieterich and John A. Bolles, both of New York City (Percy Freeman and Maxwell E. Sparrow, both of New York City, of counsel), for appellant.

Samuel E. Darby, Jr., and Darby & Darby, all of New York City (Walter A. Darby, of New York City, of counsel), for appellee.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

### PER CURIAM.

If the patent in suit were valid at all, it might be hard to avoid saying that the defendant infringed the claims in suit, for its corset has what must be called a "seat", if the claims are to have any reasonable scope whatever. It seems to us however that they are invalid. Confessedly the only element on which they can depend is that the "insert" is made to be elastic vertically. That did not mean that it should not also be elastic horizontally; it was in fact elastic in both directions (page 2, lines 18–20; lines 31–34). It is probably true that the art did not disclose such an insert, though the following language from Bodensiek's patent—No. 1,152,595—at least suggests that the gores in the back may have been meant to be elastic in both directions: "At each side of the rear-stay $a^2$, the corset is formed of vertically-arranged sections or inserts d of elastic webbing conforming in shape to the general contour of the corset so that there is an equal elasticity in all directions." Be that as it may, we can see nothing but a routine variant in making the "insert" vertically elastic, rather than accomplishing the same result by fastening down the rear with elastic garters as in Morse—No. 1,-319,604—to keep the bottom from riding up or doubling as appears from the following quotation (page one, lines 87–92): "In order to prevent the brassiere 20 from accidental upward movement, the lower edge of the band 21 is provided with depending hose supporting straps 30 having clasps 31 adapted to engage the wearer's hose at the rear thereof." The same device was shown in the figure of Schloss—No. 1,308,870—though not verbally described; and it had apparently been common practice for more than ten years before the patentee filed her application. Marks—No. 906,249—page one, lines 54–57; Bodensiek—No. 934,272—page one, lines 63-70; Bodensiek—No. 1,152,595. It was open to anyone to allow for the necessary stretch by elastic in the garters, in the "insert", or, like the patentee, in both.

There is not the least reason to suppose that the disclosure made any impression upon the art. True, the patentee formed a company in 1926, which she abandoned in 1931 or 1932 when "Lastex" corsets

came out; and after that she kept on in a small way until 1936, when apparently all manufacture ended. Although she swore the company made "hundreds of thousands" of corsets, there was no reason why the invention should not have been as available for "Lastex" as for other kinds of rubber. Indeed, that is what the defendant itself uses. If the change had any but a trifling value, we may be reasonably sure that others would have taken it up. They did not; it was a barren discovery of no real importance and should be open to all. The claims in suit should not have been granted and are invalid.

Judgment affirmed.